# UNITED STATES DISTRICT COURT
# FOR THE NORTHRN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DWAYNE BALLARD, on behalf of himself and all others similarly situated**,<br><br>Plaintiff,<br><br>v.<br><br>**THE KENAN ADVANTAGE GROUP, INC.**,<br><br>Defendant. | Case No. 5:20-cv-1042<br><br>Magistrate Judge Carmen E. Henderson |

## FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT, AWARDING ATTORNEY FEES AND EXPENSES AND DISMISSING ACTION

This matter came before the Court upon the Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Award of Attorney Fees and Litigation Expenses, and Service Payment to Plaintiff filed on February 15, 2022 ("Final Approval Motion") (Doc. 95) together with exhibits, and upon review and consideration of the Stipulation of Settlement filed on August 23, 2021 (the "Stipulation") (Doc. 90-2), the exhibits to the Stipulation, the evidence and arguments of counsel, and the submissions filed with this Court, IT IS HEREBY ORDERED and adjudged as follows:

Pursuant to Fed. R. Civ. P. 23(e), the settlement of this action, as embodied in the terms of the Stipulation except as modified herein, is hereby finally approved as a fair, reasonable and adequate settlement of this action considering the factual, legal, practical and procedural considerations raised by this action. The Stipulation except as modified herein is hereby incorporated by reference into this Final Order and Judgment Approving Settlement, Awarding

Attorney Fees and Expenses, and Dismissing Action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Stipulation.

On November 29, 2018, Plaintiff, Dwayne Ballard ("Ballard" or "Class Representative"), filed the above-captioned class action lawsuit, followed by the filing of an Amended Complaint on June 17, 2020 (the "Lawsuit"), against Defendant, The Kenan Advantage Group, Inc.. ("KAG") asserting class claims against KAG under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and California's Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code § 1681, *et seq.* KAG denied all liability alleged in the Lawsuit.

On August 23, 2021, the Parties filed the Stipulation and Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion") (See Doc. 90) on that same date.

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, KAG served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of the states in which the Class Members reside.

On September 10, 2021, upon consideration of the Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order") (Doc. 94). Pursuant to the Preliminary Approval Order, the Court, among other things, preliminarily approved the proposed settlement and set the date and time of the Final Fairness Hearing.

On February 15, 2022, Ballard filed his Final Approval Motion.

The Court scheduled a fairness hearing to take place on March 1, 2022, at 10:00 a.m. EST, at which the Court would consider any objections and determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should

be approved by the Court.

The Court has read and considered the Stipulation, Final Approval Motion, and record and determined that a hearing is not necessary and therefore finds as follows:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. There are 10,611 Class Members.

3. The approved class action notices were emailed and/or mailed to Class Members in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances. The Court finds that the notices were clearly designed to advise the Class Members of their rights.

4. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Stipulation, except as modified herein, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strengths and weaknesses of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

5. The Stipulation shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

    a. Each Disclosure Class Member shall receive a check in the amount determined

by the Settlement Administrator in accordance with the Stipulation.

b. Each Adverse Action Class Member shall receive an additional check in the amount determined by the Settlement Administrator in accordance with the Stipulation.

c. The Court awards $312,689.00 to Class Counsel to reimburse attorney fees, and $16,466.27 for litigation expenses.

d. Ballard shall receive $10,000 for his service to the Class.

e. Any amount unclaimed or which becomes stale and thus void shall first be applied to reimburse the Settlement Administrator for administration costs and expenses, and any funds remaining thereafter shall be paid in two equal shares to Truckers Against Trafficking and Towards Employment as *cy pres* beneficiaries.

6. Class Members were given an opportunity to object to the settlement and no objections were filed. The following three Class Members requested to be excluded and shall not be bound by the Stipulation or this Order: Christopher Charles Shapiro, James Arnet Perkins, and Martin G. Imes. This Order is binding on all other Class Members.

8. The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Stipulation. Pursuant to the release contained in the Stipulation, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

9. The Lawsuit is hereby dismissed with prejudice in all respects.

4

10. This Order is not, and shall not be construed as, an admission by KAG of any liability or wrongdoing in this or in any other proceeding.

11. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Stipulation, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Stipulation and this Order.

IT IS SO ORDERED.

Dated: February 28, 2022

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE
